Kevin P. McCulloch (KM0530)
Nate A. Kleinman (NK3168)
MCCULLOCH KLEINMAN LAW
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
kevin@mkiplaw.com
nate@mkiplaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PABLO RAVAZZANI,<br><br>　*Plaintiff*,<br><br>v.<br><br>SHOP PO, LLC; RUE GILT GROUPE, INC.; JOHN DOE d/b/a LINZ SHOP; KATHRYN'S COLLECTION INC.; O'CONNELL'S CLOTHING; THE CARRIAGE HOUSE LLC; PAUL SIMON COMPANY; THE SOPHIA LUSTIG SHOP, INC.; DEBORAH KENT'S, INC.; MOSLEY & COMPANY LLC; C K COLLECTION, INC.; OSMON, URRUTIA LLC; and HDHA, LLC d/b/a THE WARDROBE CONSULTANT,<br><br>　*Defendants*. | Civil Case No.<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Pablo Ravazzani ("Plaintiff"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby

demands a trial by jury of all claims and issues so triable, and, as and for his Complaint against Defendants Shop PO, LLC; Rue Gilt Groupe, Inc.; John Doe d/b/a Linz Shop; Kathryn's Collection Inc.; O'Connell's Clothing; The Carriage House, LLC; Paul Simon Co.; The Sophia Lustig Shop, Inc.; Deborah Kent's, Inc.; Mosley & Company LLC; C K Collection, Inc.; Osmon, Urrutia LLC; and HDHA, LLC d/b/a The Wardrobe Consultant (collectively, "Defendants"), hereby asserts and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement brought against Defendants for the unauthorized and infringing use of Plaintiff's copyrighted photographs.

2. Plaintiff seeks damages and other relief related to Defendants' knowing and willful infringement of Plaintiff's copyrights in the original photographic works identified herein and that are the subject of this action.

## PARTIES

3. Plaintiff is a professional freelance photographer who makes his living creating, taking and licensing photographs.

4. Plaintiff is a resident of New York, NY.

5. Defendant Shop PO, LLC ("SPO") is or was a Delaware limited liability company with its principal office located in Massachusetts at 20 Channel Center St., Boston, MA 02210.

6. Upon information and belief, Defendant SPO is a wholly owned subsidiary of Defendant, Rue Gilt Groupe, Inc. ("RGG"), a Delaware corporation with offices around the country, including in this District at 41 Madison Avenue.

7. Upon information and belief, and according to public records, Defendant SPO was

administratively dissolved as a corporate entity in 2022.

8. Upon information and belief, Defendant John Doe d/b/a Linz Shop is an online clothing reseller based in West Palm Beach, Florida.

9. Defendant Kathryn's Collection Inc. is a Florida corporation with its registered address at 2355 Vanderbilt Beach Road, Suite 126, Naples, FL 34109.

10. Defendant O'Connell's Clothing is a clothing retailer located at 3240 Main Street, Buffalo, NY 14214.

11. Defendant The Carriage House LLC is an Alabama limited liability company with its registered address at 115 Johnston Street, Decatur, AL 35601.

12. Defendant Paul Simon Company is a North Carolina corporation with its registered address at 4310 Sharon Road, Suite X25, Charlotte, NC 28211.

13. Defendant The Sophia Lustig Shop, Inc. is an Ohio corporation with its registered address at 124 10th Street, Toledo, OH 43624.

14. Defendant Deborah Kent's, Inc. is a Florida corporation with its registered address at 2120 South Dale Mabry Highway, Tampa, FL 33629.

15. Defendant Mosley & Company LLC is a Kentucky limited liability company and owner of the "Carl Meyers" retail store, with its registered address at 400 Redding Road, Suite 8, Lexington, KY 40517.

16. Defendant C K Collection, Inc. is an Alabama corporation with its registered address at 326 Fairhope Avenue, Fairhope, AL 36532.

17. Defendant Osmon, Urrutia LLC is a Georgia limited liability company with its registered address at 3800 Roswell Road, Atlanta, GA 30342.

18. Upon information and belief, Defendant Osmon, Urrutia LLC owns and operates

the "Sabot Boutique" retail clothing store.

19. Defendant HDHA, LLC d/b/a The Wardrobe Consultant is an Ohio limited liability company with its registered address at 26555 Richmond Road, Bedford Heights, OH 44146.

## JURISDICTION AND VENUE

20. Jurisdiction for Plaintiff's claims lie with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*., 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress related to copyrights).

21. Venue is proper in this Court under 28 U.S.C. § 1391(b) because, upon information and belief, a substantial portion of the alleged misconduct giving rise to the claims asserted herein occurred in this District.

22. This Court has personal jurisdiction over Defendants because they each have conducted substantial business in the state of New York and in this District, including by travelling to New York to purchase products and sell to businesses/customers located in New York.

23. Upon information and belief, each of the Defendants purchased products from clothing designer Kal Rieman ("KR"), which is based in this District.

24. Upon information and belief, each of the Defendants copied the Photographs from the KR website and/or social media accounts, which are hosted and operated from this District.

25. To the extent that any Defendants intend to assert license as a defense to Plaintiff's claims, such defense will be subject to New York law, which governs Plaintiff's agreement with

KR, the only valid licensee/recipient of the photographs at issue.

## FACTUAL ALLEGATIONS

26. On or about June 9, 2023, Plaintiff was contracted to create several photographs of models wearing clothing made by the NYC-based designer, KR (hereinafter the "Photographs").

27. The invoice provided by Plaintiff to KR expressly stated that usage of the photographs taken would be limited to "[KR's] website and social media platform" for a period of two (2) years.

28. Plaintiff was paid a one-time fee for his work at the KR photoshoot, which was commensurate with the limited usage rights stated on the invoice.

29. Plaintiff is not, and never has been, an employee of KR.

30. Upon information and belief, each of the Defendants copied, published, displayed, and distributed Plaintiff's Photographs on their respective websites and/or social media platforms, for purposes of marketing and selling the KR clothing depicted therein.

31. Neither KR nor Plaintiff provided or distributed Plaintiff's Photographs to any of the Defendants for use on their respective websites and online platforms.

32. Attached hereto as Exhibit 1 are true and correct screen captures of Plaintiff's Photographs as displayed on the "Shop Premium Outlets" and "Shop Simon" websites, an e-commerce website/marketplace previously located at www.shoppremiumoutlets.com, and now www.shop.simon.com, which is owned/operated by Defendants SPO and RGG.

33. Upon information and belief, Defendant Doe d/b/a Linz Shop is a seller/user of the Shop Premium Outlets and Shop Simon websites.

34. Upon information and belief, Defendants SPO and/or RGG also published and

5

distributed Plaintiff's Photographs to other e-commerce platforms, including Modesens.com.

35. Attached hereto as <u>Exhibit 2</u> are true and correct screen captures of Plaintiff's Photographs as displayed by Defendant Kathryn's Collection Inc. on its website, located at www.kathrynscollectionshop.com.

36. Attached hereto as <u>Exhibit 3</u> are true and correct screen captures of Plaintiff's Photographs as displayed by Defendant O'Connell's Clothing on its website, located at www.oconnellsclothing.com.

37. Attached hereto as <u>Exhibit 4</u> are true and correct screen captures of Plaintiff's Photographs as displayed by Defendant The Carriage House LLC on its website, located at www.shopcarriagehouse.com.

38. Attached hereto as <u>Exhibit 5</u> are true and correct screen captures of Plaintiff's Photographs as displayed by Defendant Paul Simon Company on its Instagram account.

39. Attached hereto as <u>Exhibit 6</u> are true and correct screen captures of Plaintiff's Photographs as displayed by Defendant The Sophia Lustig Shop, Inc., on its website located at www.sophialustig.com.

40. Attached hereto as <u>Exhibit 7</u> are true and correct screen captures of Plaintiff's Photographs as displayed by Defendant Deborah Kent's, Inc., on its website, located at www.deborahkents.com.

41. Attached hereto as <u>Exhibit 8</u> are true and correct screen captures of Plaintiff's Photographs as displayed by Defendant Mosely & Company LLC on its website, located at www.carlmeyers.com.

42. Attached hereto as <u>Exhibit 9</u> are true and correct screen captures of Plaintiff's Photographs as displayed by Defendant C K Collection, Inc., on its website, located at

www.ckcollection.com.

43. Attached hereto as Exhibit 10 are true and correct screen captures of Plaintiff's Photographs as displayed by Defendant Osmon, Urrutia LLC on its website located at www.sabotboutique.com.

44. Attached hereto as Exhibit 11 are true and correct screen captures of Plaintiff's Photographs as displayed by Defendant HDHA, LLC d/b/a The Wardrobe Consultant on its website located at www.thewardrobeconsultant.com.

## COUNT I
## COPYRIGHT INFRINGEMENT

45. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

46. Plaintiff is the author and exclusive copyright owner of the Photographs identified in Exhibits 1-11.

47. Plaintiff has registered his copyrights in each of the Photographs with the U.S. Copyright Office under Registration No. VA 2-399-766.

48. As demonstrated in Exhibits 1-11, Defendants each copied, displayed, published, and/or distributed Plaintiff's copyrighted Photographs without Plaintiff's permission or a valid license, in violation of his exclusive rights under 17 U.S.C. § 106.

49. Upon information and belief, Defendants' infringements were willful, intentional, and/or made in reckless disregard of Plaintiff's copyrights.

50. Upon information and belief, Defendants knew that they were not granted permission to use the Photographs when they copied and published them onto their respective websites.

51. Upon information and belief, Defendants are each sophisticated companies

operating in e-commerce as well as the brick-and-mortar retail industry, are experienced with licensing third-party content and knew or had reason to know that they could not publish Plaintiff's Photographs without obtaining a license or permission.

52. Upon information and belief, Defendant The Carriage House LLC continued displaying certain of Plaintiff's Photographs even after being contacted about the matter by KR in June 2024.

53. Upon information and belief, Defendants SPO and RGG continued to display and failed to remove certain of Plaintiff's Photographs even after being contacted by Plaintiff's counsel in July 2024.

54. After being contacted by Plaintiff's counsel in July 2024, an attorney for Defendant Paul Simon Company initially stated that "PSC received the Photographs as part of marketing material from a vendor," however, when asked for the identity of such vendor, the attorney named KR as the vendor but clarified that he "[did] not know if Rieman provided any photos to PSC or not," and was "advised that the photos of the goods Rieman sold to PSC were available on Rieman's social media sites."

55. By copying, distributing, displaying, publishing, and otherwise exploiting Plaintiff's copyrighted works without authorization, Defendants each infringed Plaintiff's copyrights and caused Plaintiff significant injuries, damages, and losses in an amount to be determined at trial.

56. Plaintiff seeks all damages recoverable under the Copyright Act, including Defendants' profit attributable to the infringements, and damages suffered as a result of the lack of licensing fees.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the

following relief:

1. A trial by jury of all claims and issues so triable;

2. A preliminary and permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

3. All allowable damages under Section 504 of the Copyright Act;

4. For such other and further relief as the Court deems just and proper.

Dated: December 16, 2024

Respectfully submitted,

/s/ Kevin P. McCulloch
Kevin P. McCulloch
McCulloch Kleinman Law
501 Fifth Avenue, Suite 1809
New York, New York 10017
Tel: (212) 355-6050
kevin@mkiplaw.com