UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PABLO RAVAZZANI,

                            Plaintiff,                     **ORDER**

              -against-                       **24-CV-9673 (AT) (JW)**

SHOP PO, LLC *et al.*,

                            Defendant.

------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of Defendant Kal Rieman's ("Defendant") letter motion to compel at Dkt. No. 146 and supplemental letter regarding the same at Dkt. No. 150. For the following reasons, Defendant's motion to compel is **DENIED** in full.

    A. <u>Rule 26 standard</u>

"Under Federal Rule of Civil Procedure 26, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." <u>U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.</u>, 593 F. App'x 32, 36 (2d Cir. 2014) (summary order) (citing Fed.R.Civ.P. 26(b)(1)) (internal quotation marks omitted). "Relevance to the subject matter under Rule 26 is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" <u>Id.</u> (citing <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). However, discovery inquiries should be accompanied by objective support rather than mere speculation. See <u>In re Bernard L. Madoff Inv. Sec. LLC</u>, No. 13-CV-4332 (ALC),

2014 WL 1302660, at *7 (S.D.N.Y. Mar. 31, 2014) (finding discovery "is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.")

### B. Licenses and settlement agreements

On August 8, 2025, Defendant filed a letter motion to compel Plaintiff to produce "(a) licenses that he has secured in providing his photography services; and (b) settlement agreements involving his copyrighted photographs (inclusive of those with codefendants in this case." Dkt. No. 146. Defendant argues that these documents are relevant and discoverable because they can be considered in measuring damages. See Dkt. No. 146. (emphasis added). Plaintiff counters that Defendant's discovery requests "have no relevance to the applicable damages questions presented in this case" and are overbroad as to scope and time period since Defendant requests "all" of Plaintiff's prior licenses and settlement agreements. Dkt. No. 147. More specifically, Plaintiff asserts that here, the invoice that Plaintiff issued to Defendant "directly reflects the fees that Plaintiff charged for using the specific photographs involved in this case." Id.

The Court agrees with Plaintiff and does not find the requested licenses or settlement agreements relevant to the claims and defenses in this case, as Defendant's requested discovery is not relevant to liability and only goes to damages. Additionally, while Defendant cites several cases where courts used past licenses and settlement agreements to measure damages (see, e.g., Mango v. Buzzfeed, Inc., 356 F. Supp. 3d 368, 375 (S.D.N.Y. 2019); Small v. Nobel Biocare USA, LLC, 808 F. Supp.

2

2d 584 (S.D.N.Y. 2011)), the Court does not find these cases on point. Unlike in Defendant's cited cases, the parties need not approximate licensing fees since they already have a direct licensing history. Lastly, the discovery requests are virtually unlimited as to time and scope and are not proportional to the needs of this case. Thus, Defendant's motion to compel production of Plaintiff's licenses and settlement agreements is **DENIED**.

### C. Settlement agreements with co-defendants

The parties do not dispute that Plaintiff has agreed to produce his settlement agreements with co-defendants of this case. However, the parties disagree as to *when* Plaintiffs should produce these agreements. Defendant asserts that these agreements should be produced immediately, while Plaintiff argues the agreements should be produced only after judgment. Defendant argues that immediate production is required because "[d]elaying production until after judgment would deprive [Defendant] of the opportunity to meaningfully assess and challenge Plaintiff's damages theory during discovery and expert analysis." Dkt. No. 146. Plaintiff argues production post-judgment is appropriate because while not relevant to Defendant's damages, they are potentially relevant if any damage award against Defendant is joint and several with other co-defendants in the case. Id.

The Court does not find Defendant's relevance arguments persuasive. As discussed *supra*, the Court does not find the settlement agreements relevant, even for damages calculations. Thus, Defendant's motion to compel production of

3

settlement agreements with co-defendants immediately is **DENIED**.

**The Clerk of Court is respectfully requested to close Dkt. No. 146.**

SO ORDERED.

DATED:   New York, New York
         October 7, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge