**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
PABLO RAVAZZANI,

Plaintiff,

-against-

SHOP PO, LLC *et al.*,

Defendants.
------------------------------------------------------------------X

**ORDER**

**24-CV-9673 (AT) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Defendant Kal Rieman ("Rieman") filed a motion for reconsideration regarding the Court's denial of Rieman's motion to compel Plaintiff Pablo Ravazzani's ("Plaintiff") licenses and settlement agreements. See Dkt. No. 159. Because Rieman fails to meet the standard for a motion to reconsider, his motion for reconsideration is **DENIED**.

**BACKGROUND**

On August 8, 2025, Defendant filed a letter motion to compel Plaintiff to produce "(a) licenses that he has secured in providing his photography services; and (b) settlement agreements involving his copyrighted photographs (inclusive of those with codefendants in this case)." Dkt. No. 146. On October 7, 2025, the Court denied Rieman's motion to compel in full. See Dkt. No. 155.

On October 21, 2025, Rieman filed a letter motion pursuant to Local Civil Rule 6.3 seeking reconsideration of the Court's October 7th order. Id. Rieman requested the Court to reconsider its denial because the Second Circuit "has long recognized that actual and statutory damages may be measured by market value of the

copyrighted work at the time of infringement." Id. (citing cases). Rieman requests reconsideration of the Court's denial to compel production of settlement agreements with co-defendants immediately, instead of after judgment. Id. Rieman argues that without these settlement agreements, Rieman "will have no way of assessing the relevance or impact of those settlements on Plaintiff's damages theory." Id. Rieman also raises, for the first time, that without these settlement agreements, Rieman would be unable to determine whether Plaintiff "is seeking duplicative recovery for the same alleged acts of infringement or whether the settlements contain mutual releases or other terms that bear directly on the scope of liability and damages." Id.

## LEGAL STANDARD

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Secs. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation marks omitted). As such, the standard for a request of reconsideration under Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 702–03 (S.D.N.Y. 2011); see also Lichtenberg v. Besicorp

Grp. Inc., 28 F. App'x 73, 75 (2d Cir. 2002) (stating that the movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion" in order to prevail on a motion for reconsideration). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

## DISCUSSION

Here, the Court does not find that find that an "extraordinary remedy" of reconsideration is warranted under Rule 6.1. Because Rieman does not appear to argue that there is "an intervening change of controlling law" or "new evidence" that warrants reconsideration, the Court focuses its analysis on whether there is a need to correct a "clear error" or "manifest injustice." Id.

### A. Licenses and settlement agreements

First, the Court finds no "clear error" or "manifest injustice" regarding its denial of Rieman's request to compel all of Plaintiffs' licenses and settlement agreements. Rieman asserts that the Court's order is inconsistent with Second Circuit authority that has "long recognized that actual and statutory damages *may* be measured by the market value of the copyrighted work at the time of infringement." Dkt. No. 159 (emphasis added). As stated in the Court's October 7th order, the Court disagrees that Rieman's cited cases are on point because those cases did not have a direct licensing history and therefore needed past licenses and/or

3

settlement agreements to approximate licensing fees. Dkt. No. 155. Unlike in those cases, finding the "closest proxy" is unnecessary here because the parties have a direct licensing history. See Mango v. Buzzfeed, Inc., 356 F. Supp. 3d 368, 375 (S.D.N.Y. 2019) (finding "that the fees that [plaintiff] personally negotiated in prior licenses are the *best approximations* for the licensing fee Mango would have received for the Photograph") (emphasis added); Barcroft Media, Ltd. v. Coed Media Grp., LLC, 297 F.Supp.3d 339, 359 (S.D.N.Y. 2017) (identifying the "closest proxy" for the licensing fee defendant would have paid, in the absence of existing licensing for comparison).

### B. Settlement agreements with co-defendants

The Court also does not find that the timing of when Plaintiffs should produce settlement agreements with co-defendants warrant reconsideration. Rieman contends that these agreements should be produced now instead of after a judgment is entered because Rieman "will have no way of assessing the relevance or impact of those settlements on Plaintiff's damages theory." Dkt. No. 155. Like most of Rieman's letter motion for reconsideration, this is an old argument the Court already considered and rejected in its October 7th order. See Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). And as the Court previously stated, it does not find the settlement agreements relevant as to liability or damages. See Dkt. No. 155; *Kings Cnty., Washington v. IKB Deutsche Industriebank AG,* No. 09 Civ. 8387 (SAS), 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012) (stating that courts "routinely hold that settlement agreements may be withheld until after trial"). As

such, the Court does not find a "clear error" or "manifest injustice" as a result of the October 7th ruling barring production of these settlement agreements until after a judgment is entered.

Rieman also argues, for the first time, that such agreements should be produced now to ensure that Plaintiff does not receive "double recovery."  Dkt. No. 155.  Because Rieman fails to provide a reason as to why he did not advance this argument in his initial motion to compel, the Court declines to consider this new argument.  See Novomoskovsk Joint Stock Co. "Azot" v. Revson, No. 95 Civ. 5399 (JSR), 1999 WL 767325, at *1 (S.D.N.Y. Sept. 28, 1999) ("[N]ew arguments . . . are not to be considered unless there is some valid reason they could not have been previously advanced when the motion was originally argued.").

For the foregoing reasons, Plaintiffs' motion for reconsideration is **DENIED**.

**The Clerk of Court is respectfully requested to close Dkt. No. 159.**

SO ORDERED.

DATED:   New York, New York
         November 13, 2025

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

5